UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKKOS GOODMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-00538-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

On March 18, 2013, Plaintiff Mikkos Goodman ("Plaintiff") filed a Complaint for damages pursuant to 42 U.S.C §§ 1983, 1988, and California tort law against the County of San Joaquin and several individuals including Robert Cleary, a Deputy Sheriff for San Joaquin County. ECF No. 1. Defendant Cleary filed a motion to stay proceedings until January 20, 2014 pursuant to 50 U.S.C. app § 522, the Servicemembers Civil Relief Act ("SCRA"). ECF No. 10. Plaintiff does not oppose Defendant Cleary's Motion to Stay Proceedings. ECF No. 14. For the following reasons, Defendant Cleary's Motion for a stay until January 20, 2014 is GRANTED.[1]

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

Plaintiff's claims arise from a physical assault and battery endured by Plaintiff while he was in the custody of parole agents in Stockton, California. ECF No. 1. Plaintiff filed his Complaint on March 18, 2013. Id. Plaintiff served Defendant Robert Clearly on August 29, 2013. ECF No. 6. On November 4, 2013, Defendant Clearly filed a Motion to Stay Proceedings until January 20, 2014, pursuant to the SCRA. ECF No. 10. Defendants County of San Joaquin, Adam Grubb, Jeff Robles, and Chris Rodriguez filed answers. ECF Nos. 8, 9, 11. On December 3, 2013, Plaintiff filed a Statement of Non-Opposition to Defendant Cleary's Motion. ECF No. 14.

# STANDARD

The SCRA, 50 U.S.C. app § 522, allows an individual on military duty to move to stay any judicial or administrative proceeding initiated against him, or to move to stay the execution of any judgment entered against him. The SCRA applies to any civil proceeding in which a party (1) is in military service and (2) has received notice of the proceeding. Id. § 522(a).

Under the SCRA, a court shall, upon application by a servicemember, stay a proceeding for not less than ninety days, if the application satisfies two conditions. Id. § 522(b)(1)-(2). First, the application for a stay must contain a letter or other communication establishing that the servicemember's military duty materially affects his or her ability to appear and stating when he or she will be available to appear. Second, the application must contain a letter or other communication from the servicemember's commanding officer stating that the servicemember's military duty prevents the servicemember's appearance and that leave is not authorized at the time of the letter. Id. § 522(b)(2).

---

[2] The facts are taken, largely verbatim, from Plaintiff's Complaint. Compl., ECF No. 1.

"The [SCRA] is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." Boone v. Lightner, 319 U.S. 561, 575 (1943) (interpreting the Soldiers' and Sailors' Civil Relief Act, a predecessor to the SCRA). Thus, to prevent prejudice against an absent party, courts may grant a stay even where a servicemember does not fully satisfy both conditions enumerated in section (b)(2) of the SCRA. See, e.g., Keane v. McCullen, C 07-04894 SBA, 2009 WL 331455, *3 (N.D. Cal. Feb. 11, 2009) (granting a stay where a servicemember did not produce a letter from his commanding officer regarding his leave status because the court was sufficiently convinced that a stay was necessary to avoid undue prejudice). When determining whether a servicemember will be prejudiced by his or her absence from a case, the Supreme Court instructed that "[t]he discretion that is vested in trial courts . . . is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." Boone, 319 U.S. at 575.

In addition, apart from the SCRA, federal district courts retain broad discretion to enter a stay in appropriate circumstances. See Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## ANALYSIS

Defendant Cleary moved for a stay of proceedings in this action under the SCRA. ECF No. 10. In support of his motion, Defendant Cleary submitted a declaration from his attorney and a copy of his military orders. Id. Because this Court finds that Defendant Cleary meets the criteria established in 50 U.S.C. app § 522(b)(2), the Court GRANTS Cleary's motion for a stay of proceedings until January 20, 2014.

///

As set forth above, the SCRA requires that an application for a stay include "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." 50 U.S.C. app § 522.

Here, Defendant Cleary's motion states, and his military orders confirm, that he is currently on active duty with the United States Army and is stationed in Fort Benning, Georgia for basic training for approximately fourteen weeks beginning September 5, 2013. See ECF No. 10. Cleary's motion states that military leave is not authorized during his fourteen week training. Id. In addition, Cleary's attorney maintained in his declaration that he will not be able to meet with or discuss his defense sufficiently with Cleary until he returns from active duty. Id. Cleary contends that his service will materially affect his duty to appear or participate in discovery until approximately December 20, 2013. Id.

Given these representations, the Court finds that Cleary's motion meets the first requirement for a stay under the SCRA.

The SCRA also requires that an application for a stay include "[a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter." 50 U.S.C. app § 522.

Here, Defendant Cleary included as an exhibit to his motion a copy of his orders from the Department of Defense. ECF No. 10. Cleary's orders, sent by Stephen M. Hunson CPT, USA, Operations Officer, instruct Cleary to report to Basic Training in Fort Benning, Georgia on September 5, 2013 for approximately fourteen weeks. Although the orders do not indicate whether military leave is authorized, the Court finds that the orders are sufficient for a stay under the SCRA. While Defendant Cleary is on active duty, his ability to discuss the case sufficiently with counsel is limited.

Because Defendant Cleary's absence may inhibit his ability to answer Plaintiff's Complaint and participate in discovery, this Court finds that a stay is necessary to avoid undue prejudice to Defendant Cleary.

## CONCLUSION

In light of the Supreme Court's liberal construction of the SCRA, the possibility of prejudice to Defendant Cleary, and this Court's inherent and broad power to control its docket, Defendant Cleary's motion to stay proceedings until January 20, 2014 is GRANTED.  Defendant Clearly is ordered to respond to Plaintiff's Complaint on or by January 20, 2014.

IT IS SO ORDERED.

Dated:  December 11, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT