KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
DIANA ESQUIVEL, State Bar No. 202954
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 445-4928
 Facsimile: (916) 324-5205
 E-mail: Diana.Esquivel@doj.ca.gov
*Attorneys for Defendants Robles and Rodriguez*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **MIKKOS GOODMAN,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>**COUNTY OF SAN JOAQUIN, et al.,**<br><br>　　　　　　　　　　　　Defendants. | No. 2:13-cv-00538 MCE-KJN<br><br>**STIPULATION AND ORDER TO MODIFY THE SCHEDULING ORDER TO EXTEND DEADLINES BY SIXTY DAYS AND TO CONTINUE THE TRIAL**<br><br>Trial Date:　September 14, 2015<br>Action Filed:　March 18, 2013 |

　　　　Under Federal Rule of Civil Procedure 16(b)(4) and Local Rule 143, the parties, through their counsel of record, agree to and request a sixty-day extension of the scheduling deadlines and a continuance of the trial to a date after December 2015. Good cause exists to grant this stipulation because the parties require more time to complete discovery and Defendant Rodriguez has a conflict with the current trial date.

　　　　A scheduling order may be modified only upon a showing of good cause and by leave of Court. Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4); *see, e.g., Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (describing the factors a court should consider in ruling on such a motion). In considering whether a party moving for a schedule modification has good cause, the Court primarily focuses on the diligence of the party seeking the modification. *Johnson,* 975 F.2d at

1

609 (citing Fed. R. Civ. P. 16 advisory committee's notes of 1983 amendment). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the amendment.'" *Id.* (quoting Fed. R. Civ. P. 16 advisory committee notes of 1983 amendment).

On April 10, 2014, the Court issued a Scheduling Order (ECF No. 18) setting the following deadlines:

| | |
|---|---|
| Fact Discovery | November 14, 2014 |
| Expert Disclosures | January 14, 2015 |
| Last Day to Hear Dispositive Motions | May 14, 2015 |
| Settlement Conference | May 21, 2015 at 10 a.m. |
| Joint Final Pretrial Conference Statement | July 2, 2015 |
| Motions in Limine | July 2, 2015 |
| Trial Briefs | July 9, 2015 |
| Opposition to Motions in Limine | July 9, 2015 |
| Reply to Opposition to Motions in Lmine: | July 16, 2015 |
| Final Pretrial Conference | July 23, 2015 at 2 p.m. |
| Trial | September 14, 2015 at 9 a.m. |

The parties request a sixty-day extension of all the pretrial deadlines because they require more time to complete fact discovery, which will in turn affect the remaining deadlines. The parties have exchanged and responded to written discovery. Plaintiff's deposition was completed on November 5, 2014, and the depositions of Sandra Davis and Niesha Barrell, pertinent witnesses Plaintiff identified, were completed on November 10. However, the depositions of the Defendants have not been taken due to several factors beyond counsel's control.

Plaintiff Mikkos Goodman was arrested in July 2014, and has been incarcerated at Santa Rita Jail in Dublin, California. He is being held without bail, pending attempted-murder-related charges. Because of Plaintiff's incarceration, his attorneys were unable to make him available for deposition until recently. Plaintiff's counsel have also experienced difficulty meeting with their client to discuss other case- and discovery-related matters with him. The parties obtained an

2

1  order from the Magistrate Judge that resulted in their ability to take Plaintiff's deposition at the
2  county jail on November 5, 2014.  (*See* ECF No. 25.)
3        The parties did not take Plaintiff's deposition sooner because, in addition to his
4  incarceration, his attorney, Ben Nisenbaum, was in trial during the entire month of September
5  into early October.  Mr. Nisenbaum spent the majority of the summer preparing for trial.  Mr.
6  Nisenbaum's trial also prevented him from taking the Defendants' depositions.
7        The parties have tentatively scheduled the depositions of Robles and Rodriguez for
8  December 5.  Counsel are meeting and conferring concerning the scheduling of the depositions of
9  the County of San Joaquin Defendants.
10       The parties also request a continuance of trial because Defendant Rodriguez, who is one of
11 the primary defendants, is not available for trial in September 2015.  Rodriguez is scheduled to be
12 on vacation during the current trial date.  He purchased the family out-of-state vacation almost a
13 year before the Court issued its Scheduling Order in April 2014.  Rodriguez has already paid for
14 the vacation and cannot reschedule it without incurring substantial expense.  Several months ago,
15 Rodriguez's attorney informed all counsel of the conflict.  The parties did not seek modification
16 of the Scheduling Order at that time because they believed it more prudent to wait and see if any
17 other scheduling deadline needed to be modified and make a single request to the Court.  Due to
18 trials Plaintiff's counsel and the attorneys for the County of Joaquin Defendants already have in
19 late 2015, the parties request that the trial be continued to a date after December 2015 based on
20 the Court's calendar.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

3

IT IS SO STIPULATED.

Dated:  November 12, 2014                Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General

*/s/ Diana Esquivel*

DIANA ESQUIVEL
Deputy Attorney General
*Attorneys for Defendants Robles and Rodriguez*

Dated:  November 12, 2014                MAYALL, HURLEY, P.C.

*/s/ Mark E. Berry*

MARK E. BERRY
DERICK E. KONZ
*Attorneys for Defendants County of San Joaquin, Adam Grubb, and Robert Clearly*

Dated:  November 12, 2014                LAW OFFICES OF JOHN L. BURRIS

*/s/ Benjamin Nisenbaum*

JOHN L. BURRIS
BENJAMIN NISENBAUM
*Attorneys for Plaintiff Mikkos Goodman*

4

ORDER

Good cause appearing, the parties' stipulated request for a continuance of the pretrial deadlines and trial is GRANTED. The operative Pretrial Scheduling Order and all dates already set in this case are VACATED, and an Amended Pretrial Scheduling Order will be issued.

IT IS SO ORDERED.

Dated: November 18, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

5

Stipulation and Proposed Order to Modify the Scheduling Order to Extend Deadlines By Sixty Days and to Continue the Trial  (2:13-cv-00538 MCE KJN)